1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

TAM TRAN,

Plaintiff,

v.

CLARK COUNTY COURT,

Defendant.

11
12
13
14

CASE NO. 3:22-CV-5924-BHS

ORDER DECLINING TO GRANT *IN FORMA PAUPERIS* STATUS

15
16
17
18

Petitioner Tam Tran filed a Declaration and Application to Proceed *In Forma Pauperis* and Written Consent for Payment of Costs ("Application"). Dkt. 1. The District Court has referred Plaintiffs' Application to Proceed *In Forma Pauperis* ("IFP") to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22.

19
20
21
22
23
24

Petitioner, proceeding *pro se*, filed documents with the Court that appear to seek habeas corpus relief ("proposed petition"). *See* Dkt. 1-1. Having reviewed the proposed petition, the Court declines to grant Petitioner IFP status. The Court, however, provides Petitioner leave to file an amended pleading by January 23, 2023, to cure the deficiencies identified herein.

**Standard for Granting Application for IFP.**  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.**  Plaintiff states that he is employed and his net monthly salary is $1,500.00. *See* Dkt. 1. He has received $18,000.00 over the past twelve months through "business, profession or other self-employment." *Id*. Plaintiff has $50.00 cash on hand and $50.00 in his bank accounts. *Id*. at p. 2. He has no assets. *Id*. Plaintiff's monthly expenses are $1,500.00. *Id*.

***Sua Sponte* Dismissal.**  The Court has carefully reviewed the proposed petition in this matter. Because Petitioner filed this proposed petition *pro se*, the Court has construed the pleadings liberally and has afforded Petitioner the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

1       **Analysis of the Proposed Petition.** Under Rule 4 of the Rules Governing § 2254 cases,

2   the Court is required to perform a preliminary review of a habeas petition. The Court should

3   dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears

4   from the petition and any attached exhibits that the petitioner is not entitled to relief in the

5   district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule 1(b) of the

6   Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a

7   habeas corpus petition not covered" by 28 U.S.C. § 2254.).

8       *Failure to Comply with Rule 2.* Petitioner appears to challenge a 2015 Clark County

9   District Court conviction of driving under the influence. Dkt. 1-1. Under Rule 2(a) of the Rules

10  Governing Section 2254 Cases, "the petition must name as respondent the state officer who has

11  custody." Additionally,

12      [t]he petition must: (1) specify all the grounds for relief available to the petitioner;
        (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed,
13      typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the
        petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.
14
15  Rules Governing Section 2254 Cases Rule 2(c). The Petition must "substantially follow" a form

16  prescribed by the local district court or the form attached to the Rules Governing Section 2254

    Cases. *Id.* at Rule 2(d).
17
18      Here, the Petition does not comply with the Rules Governing Section 2254 Cases.

19  Petitioner has failed to name the state officer who has custody over Petitioner; state the relief

20  requested; and sign the Petition under penalty of perjury. He also did not substantially follow this

21  Court's § 2254 form. Finally, based on Petitioner's filing of additional habeas cases, it is not clear

22

23

24

1   the Petition contains all the grounds for relief Petitioner is seeking.[1] For these reasons, the Petition

2   is defective and the Court will not direct Respondent to answer.

3         *In Custody Requirement.* The Court also finds that, based on the information contained in

4   the Petition, it appears Petitioner does not meet the "in custody" requirements. "The federal

5   habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas

6   relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of

7   the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)).

8   A petitioner must be "in custody" under the conviction or sentence under attack when he files his

9   federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject

10  to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v.*

11  *Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240

12  (1963)). When the conviction or sentence under attack has fully expired at the time the petition is

13  filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492.

14  Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully

15  expired merely because the prior conviction could be used to enhance a sentence imposed for

16  a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S.

17  394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter

18  jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

19        Here, Petitioner was sentenced a total of 364 days of jail with a suspended sentence for a

20  period of three years and probation for 60 months. *See* Dkt. 1-1. Therefore, if Petitioner served

21  his entire sentence he would no longer be "in custody" by July of 2021. Petitioner did not file the

22

23        [1] Petitioner has filed four separate habeas petitions challenging the same underlying conviction and
     sentence that he challenges in this case. *See Tran v. Osler*, 3:22-CV-5923-JCC; *Tran v. Clark County Court*, 3:22-
24  CV-5924-BHS; *Tran v. Clark County Court*, 3:22-CV-5925-BHS.

proposed petition until November 28, 2022, more than one year after the possible date he would have been "in custody" for the state conviction. *See* Dkt. 1-1. Therefore, based on the proposed petition, Petitioner does not meet the "in custody" requirement. Accordingly, Petitioner must show cause why the proposed petition should not be dismissed for lack of subject matter jurisdiction.

*Timeliness.* Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005). Here, Petitioner's judgment and sentence was entered July 7, 2015. Dkt. 1-1. Petitioner's state personal restraint petition was dismissed in October 2016. *See id.* Based on the record before the Court, the proposed petition is barred by the statute of limitations. Accordingly, Petitioner must also show cause why this case should not be dismissed as barred by the statute of limitations.

*Duplicative Cases.* Petitioner has filed four separate habeas petitions challenging the same underlying conviction and sentence that he challenges in this case. *See Tran v. Osler*, 3:22-CV-5923-JCC; *Tran v. Clark County Court*, 3:22-CV-5924-BHS; *Tran v. Clark County Court*, 3:22-CV-5925-BHS. Petitioner should not file multiple cases challenging the same state conviction and sentence. Therefore, Petitioner is directed to file an amended petition in this case

1   that includes all grounds for relief arising from the state conviction and sentence challenged in

2   this case.

3         **Instructions to Petitioner and the Clerk of Court.** If Petitioner intends to pursue this

4   habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing

5   Section 2254 Cases on the form provided by the Court and responding to all deficiencies identified

6   in this Order. The amended petition must be legibly rewritten or retyped in its entirety, it should be

7   an original and not a copy, it should contain the same case number, and it may not incorporate any

8   part of the original proposed petition by reference. The amended petition will act as a complete

9   substitute for the proposed petition, and not as a supplement. The amended petition must also

10   include all claims for relief arising from the underlying state conviction and sentence.

11         If Petitioner fails to adequately address the issues raised herein and file an amended petition

12   on or before January 23, 2023, the undersigned will recommend the Application to Proceed *In*

13   *Forma Pauperis* be denied and this case be dismissed.

14         As the Court finds Petitioner has not provided a cognizable habeas petition, the Court

15   declines to rule on the Application and directs the Clerk to re-note the Application to Proceed IFP

16   (Dkt. 1) for January 23, 2023. The Clerk is also directed to provide Petitioner with a copy of this

17   Order and the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

18         Dated this 22nd day of December, 2022.

19

20                                       David W. Christel

21                                       United States Magistrate Judge

22

23

24