UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re TAM TRAN, pro se litigant | Cause Nos.:<br><br>22-CV-05456-BHS<br>22-CV-05827-BHS<br>22-CV-05828-BHS<br>22-CV-05926-BHS<br>22-CV-05968-BHS<br>22-CV-05969-JLR<br>22-CV-05970-BHS<br>23-CV-05146-BHS<br>23-CV-05147-BHS<br>23-CV-05148-BHS<br>23-CV-05149-BHS<br>23-CV-05215-BHS<br>23-CV-05216-BHS<br>23-CV-05217-BHS<br>23-CV-05218-BHS<br>23-CV-05278-BHS<br>23-CV-05279-BHS<br>23-CV-05280-BHS<br>23-CV-05281-BHS<br>23-CV-05282-BHS<br>22-CV-05922-BHS<br>22-CV-05923-JCC<br>22-CV-05924-BHS<br>22-CV-05925-BHS<br>23-CV-05150-BHS |

ORDER - 1

|   |   |
|---|---|
|   | NOTICE OF INTENT TO ENTER BAR ORDER AGAINST VEXATIOUS LITIGANT AND ORDER TO SHOW CAUSE |

THIS MATTER is before the Court on its own motion, after reviewing the 20 civil cases and five habeas petitions pro se plaintiff/petitioner Tam Tran has filed in this District since June 2022. The civil cases are:

- *Tran v. Clark County Sheriff's Office*, No. 22-cv-05456-BHS
- *Tran v. Clark County Court*, No. 22-cv-05827-BHS
- *Tran v. Washington State Patrol*, No. 22-cv-05828-BHS
- *Tran v. Department of Licensing*, No. 22-cv-05926-BHS
- *Tran v. Osler*, No. 22-cv-05968-BHS
- *Tran v. Clark County Prosecutor*, No. 22-cv-05969-JLR
- *Tran v. Clark County*, No. 22-cv-05970-BHS
- *Tran v. United States Member of Congress Lawmaker*, No. 23-cv-05146-BHS
- *Tran v. United States Department of Justice*, No. 23-cv-05147-BHS
- *Tran v. Washington State Patrol*, No. 23-cv-05148-BHS
- *Tran v. United States Department of Justice*, No. 23-cv-05149-BHS
- *Tran v. Osler*, No. 23-cv-05215-BHS
- *Tran v. Clark County Court*, No. 23-cv-05216-BHS
- *Tran v. Hagensen*, No. 23-cv-05217-BHS
- *Tran v. Clark County Court*, No. 23-cv-05218-BHS
- *Tran v. Clark County Court*, No. 23-cv-05278-BHS
- *Tran v. Civil Rights Act 1964 Department*, No. 23-cv-05279-BHS
- *Tran v. Osler*, No. 23-cv-05280-BHS
- *Tran v. United States Government*, No. 23-cv-05281-BHS
- *Tran v. United States of America Congress Lawmakers*, No. 23-cv-05282-BHS

The last five of these were filed on April 4, 2023. Tran's "petitions" are:

- *Tran v. Hagenson*, No. 22-cv-05922-BHS
- *Tran v. Osler*, No. 22-cv-05923-JCC

- *Tran v. Clark County Court*, No. 22-cv-05924-BHS
- *Tran v. Clark County Court*, No. 22-cv-05925-BHS
- *Tran v. Hagensen*, No. 23-cv-05150-BHS

As of this notice and order, 14 of Tran's civil cases and all five of his "petitions" have been dismissed. Tran has sought, but not obtained, *in forma pauperis* status in each of his cases. He has not obtained summonses from the Clerk in any of the cases, and he has not provided any evidence of service of process in any of the cases. No defendant in any case has appeared. In October 2022, Tran paid the filing fee in the earliest of his cases, *Tran v. Clark County Sheriff's Office*, Cause No. 22-cv-05456-BHS. The Court has dismissed without prejudice other, later cases which appear to arise out of the same incident, as duplicative. The Court recently dismissed *Tran v. Clark County Sheriff's Office*, Cause No. 22-cv-05456-BHS, because—10 months after he filed the case, six months after he paid the filing fee, and two weeks after he was Ordered to Show Cause—Tran had failed to demonstrate any effort to properly and timely serve a summons or to show good cause why he had not done so.

Most[1] of Tran's cases appear to arise from two apparently unrelated incidents: a 2012 Clark County Driving Under the Influence prosecution and conviction (*see, e.g.*, *Tran v. Washington State Patrol*, No. 23-cv-05148-BHS, Dkt. 1-1 at 5), or a March 2020

---

[1] Two of Tran's earlier cases and three of his recently-filed cases, *Tran v. Civil Rights Act 1964 Department*, No. 23-cv-05279-BHS, *Tran v. United States Government*, No. 23-cv-05281-BHS, and *Tran v. United States of America Congress Lawmakers*, No. 23-cv-05282-BHS are instead generalized grievances about the government and the judicial system, untethered to any specific incident. Tran seeks "trillions" of dollars in damages in those cases.

Clark County domestic violence arrest (*see, e.g.*, *Tran v. Clark County Sheriff's Office*, No. 22-cv-05456-BHS, Dkt. 1-1 at 5). Seven of Tran's cases are aimed at some variation of Clark County, three at Clark County Superior Court Judge Osler and two at Clark County Superior Court Judge Hagensen.

Tran's complaints are all on the Court's standard "pro se" form. None provide any factual detail or make any discernable effort to state a plausible claim. Tran's entire factual support for his claim in *Tran v. Clark County Sheriff's Office*, No. 22-cv-05456-BHS, for example, states:

> 3/28/2020 - Arrested for domestic violence and locked up for 3 days. Was not allowed to come home for almost 6 months, discriminating

*Id*. This Court has repeatedly informed Tran that he has failed to state a plausible claim, and rather than attempt to file an amended complaint in any existing case to remedy the deficiencies, he instead simply files new cases against the same defendants, alleging the same conclusory, incomplete facts. These filings are repetitive, facially frivolous, and abusive.

This notice and order informs Tran of the Court's intention to enter a BAR ORDER precluding him from filing any additional cases in this District without prior court approval.

The All Writs Act authorizes district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

ORDER - 4

principles of law." 28 U.S.C. § 1651(a). The Ninth Circuit has interpreted this statute to provide district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). A pre-filing order is an extreme remedy that should be used rarely because the sanction can tread on a litigant's due process right of access to the courts. *Molski*, 500 F.3d at 1057.

The Court considers five factors to determine whether a party is a vexatious litigant and, if so, the sanction that is required to stop the vexatious litigation: (1) the litigant's history of litigation, and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, in other words, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). The final consideration—whether other remedies would be adequate to protect the courts and other parties—is particularly important. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1062 (9th Cir. 2014).

The Court determines that Tran is a vexatious litigant under this standard. His filings are duplicative and repetitive, but he has yet to articulate a "who what when where

why and how" story that states a remotely plausible claim. Despite the Court's consistent orders explaining that he must do so to obtain *in forma pauperis status*, he has not attempted in any case to file an amended complaint addressing the deficiencies. He cannot have a good faith belief that he will prevail on any of the claims he keeps filing, or that he is actually entitled to or has any hope of actually recovering billions or trillions of dollars in damages.

Because he has not served any of his 20 civil complaints, the burden of Tran's litigation tactics has not been borne by any defendant. But his relentless filings are a substantial and unfair burden on the Court and its personnel. Finally, other sanctions, such as monetary sanctions, would not dissuade Tran from continued filings, as he has demonstrated that he is indigent and unable to pay such sanctions. The Court has already dismissed more than half of Tran's cases for failure to comply with Court orders, failure to serve, and failure to state a plausible claim. He has not appealed or attempted to address the deficiencies noted in the Court's orders. Instead, he just files new cases asserting the same, baseless, and implausible facts and seeking absurdly large amounts of damage. An order barring such filings—but permitting Tran to demonstrate that he has a plausible, new claim, or to file a complaint if he is faces imminent danger—is necessary to stop the deluge of frivolous cases.

In the Ninth Circuit, district courts engage in a four-step process to bar a litigant from filing future cases. *See De Long*, 912 F.2d at 1147–48; *Molski*, 500 F.3d at 1057. First, a litigant must be provided with an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. Second, the district court must create an adequate

record for review. *Id*. Third, the district court must make substantive findings as to the frivolousness or harassing nature of the litigant's actions. *Id*. at 1148. Lastly, the order must be narrowly tailored to closely fit the specific vice encountered. *Id*.

The Court intends to enter a bar order precluding Tran from filing any action in this Court without prior court approval, unless he also files an accurate affidavit asserting that he or his property is in imminent danger. So far, Tran has filed 22 cases relating to state court actions over which this Court has no jurisdiction and no ability to reverse. The claims arising out of the 2012 DUI arrest are facially time-barred and the defendant judges are judicially immune from suit as a matter of law.

### 1. Opportunity to Oppose.

Due process requires notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147 (*quoting In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). An individual has fair notice of the possibility that he or she might be declared a vexatious litigant where he or she files a motion to that end. *Molski*, 500 F.3d at 1058; *see also Robinson v. Tacoma Cmty. Coll.*, 2011 WL 6096295 (W.D. Wash. Dec. 7, 2011).

This notice and order shall be filed in each of the cases that Tran has filed in this Court since June 2022. **Tran shall file a written opposition to the Court's proposed bar order within 30 days of this notice and order**. He shall address why he has filed two dozen substantially similar complaints, failed to take any steps to serve them, and not made any discernable effort to state a plausible claim against any defendant in any case, despite being informed that his largely identical pro se complaints are insufficient as a

matter of law. He may also address any other fact or argument weighing against a bar order. The failure to respond will result in the entry of a bar order.

**2.  Record for Review.**

An adequate record for review should include a listing of all the cases and motions that leads the district court to conclude that a vexatious litigant order is needed. *De Long,* 912 F.2d at 1147 (*citing Martin–Trigona v. Lavien,* 737 F.2d 1254, 1260 (2d Cir. 1984)). At a minimum, the record should show that the litigant's activities are numerous or abusive. *De Long,* 912 F.2d at 1147; *see also Robinson*, 2011 WL 6096295.

The Court has listed above all the actions (25 in total) that Tran has filed in this District since last summer. A review of them reveals that all are substantially similar, and none states a plausible claim. Tran has applied for and been denied leave to proceed *in forma pauperis* in each case, and has made no effort to amend any of his complaints to address their deficiencies. Tran's filings are numerous. They are also abusive in their repetition and the work they require of the Court and its staff.

**3.  Frivolous or Harassing Nature of Plaintiff's Filings**

Before a district court issues a pre-filing injunction, it is incumbent on the court to make substantive findings as to the frivolousness or harassing nature of the litigant's actions. *De Long,* 912 F.2d at 1148 (*citing Powell,* 851 F.2d at 431). A district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims. *Id.* An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also patently without merit. *Molski*,

500 F.3d at 1059 (*citing Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990)); *see also Robinson*, 2011 WL 6096295.

Tran's claims are without merit. He has not stated a plausible claim in any case, and indeed has not made any attempt to do so. He simply files slight variations of the same claims over and over. He has not addressed the fact that any claim arising from his 2012 DUI arrest and conviction is facially time-barred, or that most of the parties he seeks to sue are either not proper defendants or judicially immune from any suit. Tran typically claims $10 billion in damages. He does not and cannot have a good faith belief that any of his filings have any chance of success, much less that he has a legitimate claim to such damages.

### 4. The specific vice encountered.

Where a court enters a pre-filing order, the order must be narrowly tailored to closely fit the specific vice encountered. *De Long*, 912 F.2d at 1148. Narrowly tailored orders are needed to prevent infringement on the litigator's right of access to the courts. *Id.* (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts sought to be restrained); *see also Robinson*, 2011 WL 6096295.

The specific vice the Court seeks to address and remedy is the serial filing of facially frivolous, essentially identical lawsuits. Tran does not appear to have any intention of actually litigating any of his claims; he has not obtained summonses, he has

ORDER - 9

not demonstrated any effort to serve his complaint, he has not revised any complaint in an effort to state a plausible claim in response to orders describing his claims' deficiencies. The only thing he has accomplished is creating work for the Court, which may be his primary goal.

Based on these findings and a thorough review of the record, this notice and order informs Tran that, if he does not demonstrate within 30 days that it should not, the Court will order the following bar order:

(1) Tan Tram is prohibited from filing pro se any civil action in the Western District of Washington arising from or related to: (1) his November 2012 arrest and prosecution for Driving Under the Influence or (2) his March 2020 arrest and prosecution for Domestic Violence.

(2) The Clerk shall open a new miscellaneous case, "In re Tam Tran pro se litigant." Each civil action Tran proposes to commence pro se in this District shall be place first in the miscellaneous case. Any proposed complaint or petition is accompanied by an affidavit signed under penalty of perjury and accurately asserting that the complaint contains new allegations not previously litigated. Any action that is not accompanied by such an affidavit will be placed in the miscellaneous case but the Court will take no further action on it.

(3) Any pro se civil action or application to proceed *in forma pauperis* Tran seeks to file in this District that does raise new allegations and is accompanied by the required affidavit shall be initially filed in the miscellaneous case, and subjected to review by the Court under the requirements of 28 U.S.C. § 1915(g). The Court will determine whether the case does or could assert a plausible claim and whether it may proceed. The Court may dismiss any of Plaintiff Tran's future pro se complaints or filings upon a finding that the complaint suffers from the same defects outlined above, without issuing an order to show cause.

(4) If Tran files a pro se civil complaint that the Court determines is plausible and not frivolous, the Court will direct the clerk to open a new civil action. Cases that are not plausible will remain in the miscellaneous case and the Court will take no further action on them.

(5) The Clerk will not issue to Plaintiff Tran a summons in any pro se action without prior approval of the Court.

(6) A copy of this pre-filing bar order will be docketed in each open case Tam Tran has filed in this District.

(7) This pre-filing bar order shall be in effect until further order of this Court. Tran may, no earlier than May 1, 2026, petition the Court to lift this order, setting forth the reasons why such action is appropriate. Any such filing shall be made in the miscellaneous case.

Tran is **ORDERED TO SHOW CAUSE** why the preceding pre-filing bar order should not be entered against him, in writing, **within 30 days**. If Tran fails to file a timely response to this notice and order, the Clerk shall open a miscellaneous case and enter the pre-filing bar order, regardless of further filings. This notice and the proposed bar order shall have no effect on cases already pending in this Court.

IT IS SO ORDERED.

Dated this 21st day of April, 2023.

BENJAMIN H. SETTLE
United States District Judge